UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY M. BARTLETT,

                Plaintiff,

-against-

TRIBECA LENDING CORP.; FRANKLIN MORTGAGE ASSET TRUST 2009-A,

                Defendants.

21-CV-3564 (LTS)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

       On January 29, 2016, Plaintiff was barred from filing any new civil action in this Court regarding his 2007 state-court foreclosure proceeding without first obtaining from the Court leave to file. *See Bartlett v. Tribeca Lending Corp.*, ECF 1:15-CV-6102, 11 (S.D.N.Y. Jan. 29, 2016). Since the Court entered its bar order, Plaintiff has filed five civil actions in this Court regarding his 2007 state-court foreclosure proceedings that have been dismissed under the bar order or as frivolous. *See Bartlett v. Tribeca Lending Corp.*, ECF 1:21-CV-2913, 3 (S.D.N.Y. Apr. 9, 2021) (dismissing the complaint under the January 29, 2016 bar order); *Bartlett v. Tribeca Lending Corp.*, ECF 1:19-CV-8374, 5 (S.D.N.Y. May 28, 2020) (dismissing the complaint under the January 29, 2016 bar order and as frivolous); *Bartlett v. Tribeca Lending Corp.*, ECF 1:19-CV-10207, 8 (S.D.N.Y. Nov. 15, 2019) (dismissing the fee-paid complaint as frivolous); *Bartlett v. Tribeca Lending Corp.*, ECF 1:19-CV-4069, 4 (S.D.N.Y. May 15, 2019) (dismissing the complaint under the January 29, 2016 bar order); *Bartlett v. Tribeca Lending Corp.*, ECF 1:18-CV-10279, 7 (S.D.N.Y. Apr. 12, 2019) (dismissing the complaint under the January 29, 2016 bar order and as frivolous, and summarizing Plaintiff's numerous attempts to sue defendants prior to entry of the bar order).

Plaintiff has now filed this new *pro se* case, and he seeks *in forma pauperis* (IFP) status and leave from the Court to file this action. Plaintiff contends in the leave application that he should be permitted to file this new complaint, which is "the same as the last complaint, but without" referring to New York Real Property Actions and Proceedings Law (RPAPL) § 1303. (ECF 3, at 2.) He contends that the Court dismissed his last complaint "because [he] raised RPAPL 1303 again . . . [b]ut this court could have looked to CPLR 308(4),[1] for a reason to grant [his] complaint." (*Id.*) He asserts that CPLR § 308(4), which governs service by mail, is "independent of RPAPL 1303" and because Defendants allegedly failed to comply with CPLR § 308(4) in the state-court action, the state court lacked personal jurisdiction over Plaintiff for the purposes of his 2007 state-court foreclosure proceedings. (*Id.*)

The Court, having reviewed Plaintiff's motion and the proposed complaint, denies Plaintiff permission to proceed with this action. Plaintiff's motion for leave to file does not show that this new action is meaningfully different from his previous frivolous litigation. That Plaintiff now invokes a different provision of state law as the basis for his challenge does not change that fact that his claims are barred by the *Rooker-Feldman* doctrine. As the Court has repeatedly advised Plaintiff, the *Rooker-Feldman* doctrine prohibits federal district courts from deciding cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Green v. Mattingly*, 585 F.3d 97, 101 (2d Cir. 2009) (noting the four requirements for application of the *Rooker-Feldman* doctrine). Because this action is a continuation of Plaintiff's

---

[1] Plaintiff is referring to section 308(4) of the New York Civil Practice Law and Rules (CPLR).

pattern of vexatious and frivolous filings concerning his 2007 state-court foreclosure action, the Court denies both his motion for permission to file and his IFP application and dismisses this action under the January 29, 2016 bar order.

Plaintiff is warned that the continued submission of frivolous documents may result in imposition of additional sanctions, including monetary penalties. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court denies Plaintiff's application for permission to file the complaint and his IFP application and dismisses this action under the January 29, 2016 bar order.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 1, 2021
         New York, New York

                                      /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge